UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL DWAYNE WALTON, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:18-cv-01646-MHH |
| } | |
| US TREASURY DEPARTMENT, et al., } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff Michael Dwayne Walton has filed a second amended complaint in which he names as defendants the United States Treasury Department, Regions Bank agents, the State of Alabama, and the United States Departments of Justice and Veterans Affairs. (Doc. 26). The defendants have moved to dismiss the second amended complaint. (Docs. 28, 29, 31). The Court held a telephone conference concerning the motions. (Sept. 10, 2019 minute entry). Consistent with the discussion on the record during that conference, the Court grants the defendants' motions and dismisses Mr. Walton's claims without prejudice.

To survive a defendant's Rule 12(b)(6) motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a defendant's 12(b)(6) motion to

1

dismiss, the Court accepts the plaintiff's well-pleaded facts as true and views the allegations in the complaint in the light most favorable to the plaintiff. *Sun Life Assurance Co. v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1207 (11th Cir. 2018); *Little v. CRSA*, 744 Fed. Appx. 679, 681 (11th Cir. 2018).

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). This leniency, however, does not allow the Court to "serve as *de facto* counsel for [a party] or rewrite an otherwise deficient pleading in order to sustain an action." *Ausar-El ex rel. Small, Jr. v. Bank of Am. Home Loans Servicing LP*, 448 Fed. Appx. 1, 2 (11th Cir. 2011) (internal quotation marks and citations omitted). A pleading that contains only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (alteration in original) (internal citations omitted)). Consistent with the instructions that the Court provided in its July 15, 2019 order (Doc. 22), Mr. Walton was required to provide factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

Consistent with the discussion during the September 10, 2019 telephone conference and applying the standards discussed above and in the Court's July 15, 2019 order, the Court concludes that Mr. Walton has not alleged sufficient facts to enable him to move forward. Assuming the truth of the broad statements in his second amended complaint, Mr. Walton still has not alleged specific facts, so he has not provided adequate notice to the defendants of the claims against them. (Doc. 22, p. 2). Therefore, the Court grants the defendants' motions and dismisses Mr. Walton's case without prejudice.

The Court asks the Clerk to please mail a copy of this order to Mr. Walton at his address of record.

**DONE** and **ORDERED** this October 7, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE